IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

BRONELL S. PERKINS,            )
                               )
         Petitioner,           )
                               )
    v.                         )   No.  05-3280
                               )
UNITED STATES OF AMERICA,      )
                               )
         Respondent.           )

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter is before the Court on Petitioner Bronell S. Perkins' Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (d/e 2) (Petition) and the Government's Response and Motion to Dismiss the Petition for Relief Pursuant to Section 2255 (d/e 5) (Motion to Dismiss). For the reasons set forth below, the Motion to Dismiss is allowed, and Perkins' Petition is dismissed.

On July 7, 2004, Perkins was charged in a two-count Indictment (Case No. 04-30042, d/e 8) with possession of cocaine with intent to distribute and possession of a firearm in furtherance of a drug trafficking crime. On September 1, 2004, a nine-count Superseding Indictment (Case No. 04-

1

30042, d/e 14) was filed against Perkins. The Superseding Indictment charged Perkins with distribution of cocaine, distribution of cocaine base ("crack"), distribution of cocaine and cocaine base ("crack"), possession of cocaine and cocaine base ("crack") with intent to distribute, possession of a firearm in furtherance of a drug trafficking crime, illegal possession of a sawed-off shotgun, illegal possession of a firearm with an obliterated serial number, and two counts of illegal possession of a firearm by a convicted felon. On October 6, 2004, a nine-count Second Superseding Indictment (Case No. 04-30042, d/e 17) was filed, charging Perkins with distribution of cocaine, distribution of cocaine base ("crack"), distribution of cocaine and cocaine base ("crack"), possession of cocaine and cocaine base ("crack") with intent to distribute, possession of a firearm in furtherance of a drug trafficking crime, illegal possession of a sawed-off shotgun, illegal possession of a firearm with an obliterated serial number, and two counts of illegal possession of a firearm by a convicted felon. Perkins was arraigned on the Second Superseding Indictment on October 12, 2004. <u>Case No. 04-30042 Minute Entry for Proceedings held before Judge Byron G. Cudmore, dated October 12, 2004</u>.

On May 4, 2005, pursuant to a plea agreement, Perkins pled guilty to

distributing at least 5 grams of cocaine base ("crack") (Count 2) and possession of a firearm in furtherance of a drug trafficking offense (Count 5).  Case No. 04-30042 Minute Entry, dated May 4, 2005.  The Plea Agreement (Case No. 04-30042, d/e 20) was signed by Perkins, his attorney Ralph Williams, and Assistant United States Attorney David Risley.  The Plea Agreement noted that, based on the fact that Perkins had a prior felony drug conviction at the time of the offense, the potential penalties for Count 2 included a mandatory minimum sentence of ten years imprisonment, with a statutory maximum sentence of life imprisonment.  Plea Agreement, ¶ 8.  The Plea Agreement further noted that the possible penalties for Count 5 ranged from a mandatory minimum sentence of five years imprisonment up to life imprisonment.  Id., ¶ 9.  The Plea Agreement expressly recognized that the prison sentence imposed for Count 5 would be served consecutively to any other criminal sentence imposed.  Id.

The Plea Agreement also contained projections relating to the application of the United States Sentencing Guidelines (U.S.S.G.).  The Plea Agreement stated that the Government projected a total offense level of 33 for Count 2, while Perkins projected a total offense level of 31 for Count 2, based on his objection to a two-level supervisory enhancement

3

under U.S.S.G. § 3B1.1(c).  With respect to criminal history, the Plea Agreement stated as follows:

> defendant's criminal history category is tentatively predicted to be III.  However, the parties are not sufficiently certain they have all of the information about the defendant's criminal history to come to a definitive agreement on that point, and the defendant understands his criminal history category could end up being higher.

Plea Agreement, ¶ 22(h).  Assuming a criminal history category of III, the Plea Agreement recognized that "[t]he resulting sentencing guideline range under the government's view should be 168 to 210 months of imprisonment, and under the defendant's view should be 135 to 168 months of imprisonment."  Id., ¶ 22(i).  The Plea Agreement expressly provided as follows:

> The mandatory minimum sentence on the firearm charge in count 5 should be determined only with reference to the pistol described below in paragraph 27, resulting in a mandatory consecutive sentence of five years (60 months).  When that penalty is added to the sentencing guideline range regarding the drug offense in count 2, the total sentencing guideline range on both counts should be 228 to 270 months under the government's view, and 195 to 228 months under the defendant's view.

Id., ¶ 22(j).

The matter proceeded to sentencing.  A Revised Presentence Report

(Case No. 04-30042, d/e 28) (PSR) was prepared by the United States Probation Office in anticipation of sentencing. The PSR recommended that the Court apply a two-level enhancement in offense level for Perkins' supervisory/managerial role in the offense under U.S.S.G. § 3B1.1(c). Perkins objected to this enhancement. The PSR calculated Perkins' criminal history category to be IV, based on a finding that he had seven criminal history points.

The Court overruled Perkins' objection and adopted the findings of the PSR in calculating Perkins' U.S.S.G. sentencing range. Perkins had a base offense level of 34 under U.S.S.G. § 2D1.1(c)(3). His offense level was increased by two levels under U.S.S.G. § 3B1.1(c). The Court determined that Perkins was entitled to a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1, resulting in a final offense level of 33. The Court found that Perkins' fell into criminal history category IV. An offense level of 33 with a criminal history category IV resulted in a U.S.S.G. sentencing range of 188 to 235 months on Count 2. The Court then included a 60 month mandatory consecutive sentence for Count 5, resulting in a final U.S.S.G. range of 248 to 295 months imprisonment. The Court sentenced Perkins to 248 months imprisonment, consisting of 188 months

on Count 2 and 60 months on Count 5 to run consecutively.

Perkins did not appeal his criminal conviction or sentence. On November 14, 2005, Perkins filed the pending Petition. In the Petition, Perkins asserts that he received ineffective assistance of counsel in that he did not comprehend the full range of time he was to serve upon entering a guilty plea. <u>Petition</u>, p. 5.

## ANALYSIS

As an initial matter, the Government asserts that Perkins' Petition should be dismissed because he waived his right to bring a § 2255 motion as a part of his Plea Agreement. Paragraph 14 of the Plea Agreement contains an express waiver of Perkins' right to collaterally attack his conviction or sentence under § 2255. A waiver of the right to file a collateral attack, including a § 2255 petition, is enforceable as long as (1) the waiver was knowing and voluntary and (2) the petitioner cannot establish a claim of ineffective assistance of counsel in connection with the negotiation of the agreement. <u>Mason v. United States</u>, 211 F.3d 1065, 1069 (7th Cir. 2000). Perkins does not address the waiver issue, and he presents no evidence that his waiver was not knowing and voluntary or that his counsel was ineffective in the negotiation of his plea agreement. The

Petition is therefore dismissed on the basis of waiver alone.

Furthermore, even if the Court were to consider the Petition, Perkins' request for relief would be denied. Perkins did not file a direct appeal in his criminal case, despite the fact that, under the Plea Agreement, he reserved the right to appeal from any sentence greater than 228 month imprisonment. See Plea Agreement, ¶ 13. While § 2255 motion is not a substitute for a direct appeal, ineffective assistance of counsel claims are not subject to the usual procedural default rules. Massaro v. United States, 538 U.S. 500, 504 (2003). As set forth below, however, Perkins' claim lacks merit.

A § 2255 motion allows a person in federal custody to attack his sentence collaterally on constitutional grounds, because it is otherwise illegal, or because the court that imposed it was without jurisdiction. 28 U.S.C. § 2255, ¶ 1. Perkins asserts that he pled guilty without comprehending the full range of time he was to serve. As an initial matter, the Court notes that Perkins was arraigned on the Second Superseding Indictment on October 12, 2004. The minute entry from that hearing indicates that Perkins was advised as to the possible penalties for the crimes charged. Perkins does not allege that he was not so informed. Stoia v.

United States, 22 F.3d 766, 768 (7th Cir. 1994) ("[a] § 2255 petitioner is entitled to an evidentiary hearing on his claims when he alleges facts that, if proven would entitle him to relief"). The possible penalties were also set out in the Plea Agreement, which Perkins signed on May 4, 2005. Plea Agreement, ¶¶ 8, 9. Counts 2 and 5 each carried a statutory maximum sentence of life imprisonment, and Perkins' sentence was less than the statutory maximum.

As the sole support for his argument, Perkins asserts that the "Plea Agreement states a sentencing range of 168 - 210 months of imprisonment," while the PSR "states a sentencing range of 188 - 235 months." Petition, p. 5. Perkins describes this difference as "significant and confusing." Id. The Court notes that the Plea Agreement expressly notes that the projected sentencing range of 168 - 210 months imprisonment was based on a tentative prediction that Perkins fell into criminal history category III. Plea Agreement, ¶ 22(h). The Plea Agreement expressly states that "the parties are not sufficiently certain they have all of the information about the defendant's criminal history to come to a definitive agreement on that point, and the defendant understands his criminal history category could end up being higher." Id. By signing the Plea Agreement, Perkins

8

acknowledged that there was "no agreement as to his criminal history or criminal history category . . . ." Id., ¶ 16.

The PSR recommended that Perkins be placed in a criminal history category IV, and set forth a basis for this recommendation. Perkins did not object to the PSR's criminal history category recommendation at sentencing, nor does he challenge it now. Perkins does not challenge the Court's ruling on the U.S.S.G. § 3B1.1(c) enhancement or the finding that his total offense level under the U.S.S.G. was 33. A criminal history category IV and a total offense level of 33 results in a U.S.S.G. sentencing range of 188 to 235 months imprisonment for Count 2. The Court sentenced Perkins to 188 months imprisonment on Count 2, the bottom of the applicable range. The Court then imposed the mandatory minimum sentence for Count 5 of 60 months imprisonment to run consecutively to the sentence on Count 2. There was no error and no basis for Perkins' claim that he did not comprehend the full range of possible penalties.

THEREFORE, for the reasons set forth above, it is clear from the record that Perkins is not entitled to habeas relief, and no evidentiary hearing is warranted. See Prewitt v. United States, 83 F.3d 812, 819 (7th Cir. 1996). The Government's Motion to Dismiss (d/e ) is ALLOWED.

9

Perkins' Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (d/e 1) is DISMISSED. All pending motions are denied as moot. This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER:   April 27   , 2007.

FOR THE COURT.

                                                      s/ Jeanne E. Scott
                                                      JEANNE E. SCOTT
                                    UNITED STATES DISTRICT JUDGE